BASIN ELECTRIC POWER COOPERATIVE, Plaintiff and Appellee,

v.

Eldor MILLER, individually and as Trustee of the Miller Trust, Defendant and Appellant.

Civ. No. 9897.

Supreme Court of North Dakota.

Oct. 5, 1981.

Malcolm H. Brown, of Bair, Brown & Kautzmann, Mandan, for plaintiff and appellee.

Eldor Miller, Hazen, defendant and appellant, pro se.

VANDE WALLE, Justice.

Eldor Miller appealed from a judgment and final order of condemnation entered by the district court of Mercer County. We affirm.

A brief chronology of the events involved in this matter will be of assistance in understanding the issues in this appeal.

On July 5, 1978, Miller and his wife transferred real property into a trust known as the "Miller Trust." Miller is named as one of the trustees.

October 9, 1978, Miller, along with other landowners, retained the services of a law firm to represent the property owners in condemnation proceedings to be instituted by Basin Electric Power Cooperative (hereinafter "Basin Electric") to obtain a power-line easement.

April 1, 1979, the Miller Trust was changed to "Freedom Farm." No record of the transfer was made in the office of the Register of Deeds of Mercer County.

July 17, 1979, Miller was served with a summons and complaint in which Basin Electric sought to condemn property of the Trust and property of Miller for the purpose of obtaining a power-line easement.

August 24, 1979, the attorney for Miller obtained admission of service of answer filed on behalf of Miller, individually and as trustee of the Miller Trust.

October 5, 1979, Miller resigned as trustee of the Miller Trust, "now known as Freedom Farm."

April 18, 1980, Miller's attorney moved the court to withdraw as Miller's attorney pursuant to a letter from Miller received February 26, 1980. This motion was granted by the court on April 22, 1980.

June 23, 1980, Miller was notified that the action would be tried before a jury on July 28, 1980.

July 21, 1980, Miller notified the court by affidavit that he was not the owner of the property subject to the action and therefore was not a party in interest.

July 28, 1980, the trial judge announced he would consider the affidavit as a motion to amend the answer and, after argument and examination of Miller under oath, the motion was denied and the trial proceeded.

July 30, 1980, the jury returned a verdict in the sum of $13,732.95.

September 6, 1980, notice of entry of judgment.

November 12, 1980, notice of appeal of judgment.

█ Miller raises two issues on appeal. His first issue is that "Freedom Farm" was the real party in interest, in that the ownership of the land had been conveyed to a trust by that name and Freedom Farm was not represented at the trial. Miller conceded in the hearing before the trial court that no documents showing a conveyance of interest from Miller or the Miller Trust to Freedom Farm had been recorded at the time of trial. It is undisputed that the record title to the property in question was held by Miller Trust and not by Freedom Farm. Also apparent from the record is the fact that a one-fifth interest was still retained by Miller individually at the time of the trial, although he argues that it was his intent to convey all his interest to Miller Trust albeit that had not, in fact, been accomplished.

We find no merit in Miller's position. Although he concedes that the interest of Freedom Farm in the property was not recorded, nor did he reveal the names of the trustees thereof at the trial, Miller apparently believes that in some manner it was up to Basin Electric to ferret out that information. It is apparent that such logic could effectively prevent the acquisition of any interest in property through the eminent-domain procedure simply by an unrecorded transfer of the property. The law does not, however, condone such games. Section 32–15–18(2), N.D.C.C., requires a complaint in an eminent-domain action to contain the names "of all owners and claimants of the property, if known, or a statement that they are unknown, who must be styled defendants." At the time of the service of the summons and complaint the record title indicated that Miller and the Miller Trust were the owners of the property in question. Section 47–19–19, N.D.C.C., provides that the record of any instrument shall be notice of the contents of the instrument, as it appears of record, as to all persons. But the conveyances from Miller Trust to Freedom Farm were not recorded nor were they introduced into evidence at the trial. Furthermore, at the time of the filing of the answer by an attorney on behalf of Miller and Miller Trust, no mention was made of the fact that the Miller Trust had been "changed over" to Freedom Farm although, according to Miller, that transaction took place more than three months prior to the service of the summons and complaint by Basin Electric. In fact, such answer admits that "the persons listed thereon are listed accurately as to their names and interest, . . ."

Rule 8(d), N.D.R.Civ.P., provides that averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading. Rule 9(a), N.D.R.Civ.P., provides, in part:

"... When a party desires to raise an issue as to the legal existence of any party or the capacity of any party to sue or be sued or the authority of a party to sue or be sued in a representative capacity, he shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge."

█ The trial court treated Miller's affidavit of July 21, 1980, as a motion to amend the answer. But such charitable treatment does not satisfy the requirements of Rule 9(a). Miller, however, assumes that his responsibility was ended by the attachment of a letter to the motion Miller's counsel filed to withdraw as counsel in the case. That letter from Miller is addressed to Miller's former attorney and contains only an ob-

lique reference to change in the ownership of the property. Miller, admitting through his answer that he and the Miller Trust were the owners of interest in the property, had a responsibility to inform the court and counsel for Basin Electric directly that he no longer was a trustee or owner of the property and that the property had been conveyed to Freedom Farm. Moreover, that information should have contained the names and addresses of the trustees of Freedom Farm, information Miller refused to divulge without the consent of those trustees at the time of trial.

The trial court denied what it considered Miller's motion to amend the answer. The trial court held that Miller was a party in interest. Miller owned one-fifth of the property, although he contended it was his intention to transfer all his ownership at the time of the conveyance to the Miller Trust; but the public is entitled to rely upon the record title to property, not the unknown intentions of the individual conveyor of the property.

The record does not reflect whether or not Miller informed the trustees of Freedom Farm that the eminent-domain proceeding had been instituted and was going to trial. If he did not, he should have done so in order that the trustees, whoever they may be, could make an appearance in the action. By continuing to represent himself at the trial and by continuing to pursue this appeal it would appear that Miller does, indeed, have an interest in the property in question. Freedom Farm, even at this date, has made no appearance or any effort to have the judgment of the district court set aside. Miller, who denies he is any longer a trustee of Freedom Farm, is apparently attempting to represent its interest although he is not licensed as an attorney. The trial court's conclusion that Miller held an interest in the property and was a proper party defendant in the action was in accordance with the pleadings and the evidence before the court.

After the trial court ruled that Miller was a party in interest the jury was chosen. Miller, representing himself, participated in the jury selection. Certain of the jurors chosen were employees of Basin Electric. Miller now argues that it was error for the trial court to not dismiss those jurors for cause because of a conflict of interest. Our examination of the transcript of the voir dire proceedings does not reveal challenges for cause by Miller to most of those jurors. In only one instance, when Miller challenged for cause, did the trial court deny the challenge. That juror did not work for Basin Electric but was an employee of a subcontractor at the Coyote Power Plant at Beulah, North Dakota. After the trial judge denied the challenge for cause, Miller exercised a peremptory challenge and the juror was not seated as a member of the jury.

Miller's position appears to be that although he did not challenge those jurors employed by Basin Electric or who were relatives of employees of Basin Electric, the trial judge should nevertheless have disqualified them as jurors. Section 28–14–06(3), N.D.C.C., provides that challenges for cause may be taken for:

"3. Standing in the relation of . . . master and servant, . . . employer and employee, . . ."

Rule 47(c), N.D.R.Civ.P., provides:

"(c) *Challenges for Cause.* If the trial judge, after the examination of any juror, is of the opinion that grounds for challenge for cause are present, the judge should excuse that juror from the trial of the case. If the judge does not excuse the juror, any party may challenge the juror for cause as provided by law."

It appears that the portion of Rule 47(c) which provides the trial judge should excuse a juror from a case has a more significant application in those instances in which the trial judge, rather than counsel for the parties or the parties themselves, examines the potential jurors. Nevertheless, we believe it is fair to assume that the trial judge, after learning that certain of the prospective jurors were employees of Basin Electric or in some more indirect manner were involved with Basin Electric and after hearing their answers to questions proposed

by Miller and Basin Electric's counsel, was of the opinion that grounds for challenge for cause were not present. Indeed, it appears from the record that Miller himself did not believe grounds for challenge for cause were present because, except in a few instances, he "passed for cause." In those instances in which he did challenge for cause his challenges were sustained by the trial judge except in one instance and, as we have already noted, in that one instance the challenge was denied but Miller exercised a peremptory challenge and that prospective juror was not seated as a member of the trial jury. In view of these circumstances we cannot construe Section 28–14–06(3), N.D.C.C., as requiring an employee of one of the parties to be disqualified as a matter of law, particularly in the absence of a challenge for cause to that particular prospective juror. If the disqualification of such jurors were automatic, the trial judge could announce to the entire jury panel that any employee of either of the parties was automatically excused without bothering to ask any questions of the individual persons on that jury panel.

██ Miller failed to challenge for cause those jurors who were employees of or in some other manner were indirectly connected with Basin Electric. His failure to challenge was a waiver of his right to do so. 47 Am.Jur.2d, *Jury*, § 217; 50 C.J.S. *Juries* § 250. Miller cannot "pass for cause" certain jurors after he determined they were employees of Basin Electric and then allege a failure of the trial judge to dismiss those jurors for cause as error on appeal. Furthermore, this court has, for many years, held that no error can be predicated in the overruling of a challenge for cause where the appellant has not exhausted all his peremptory challenges. See *State v. Ternes*, 259 N.W.2d 296 (N.D.1977), and cases cited therein. Here, not only did Miller have peremptory challenges remaining when these prospective jurors were examined; there was no denial of a challenge for cause except with respect to one prospective juror. That juror, as we have noted, was not seated because Miller did exercise a peremptory challenge to remove him. The tri-

al court committed no error in the selection of the jury.

The judgment is affirmed.

ERICKSTAD, C. J., and SAND, PAULSON and PEDERSON, JJ., concur.